MARVIN, Judge.
The employer appeals a district court judgment reversing the Board of Review’s determination on the merits that the claimant was disqualified for unemployment benefits under LRS 23:1601(2) for misconduct. We reverse and render judgment affirming the Board of Review.
The claimant attempted a belated appeal on May 5, 1981, from the agency determination of April 11, 1981, that she was disqualified from benefits because she was [deliberately] “passing bad garments as first quality” as an “examiner” or inspector in a clothing plant. The appeals referee dismissed the appeal as untimely and the Board of Review affirmed the dismissal. When the claimant thereafter sought judicial review, the district court, on March 10, 1983, eventually overruled the Department’s exception of peremption and remanded to the Board of Review. In reasons for its judgment, the district court said
IT IS THEREFORE ORDERED that the ... matter be remanded to the ... Board of Review for the reception of additional evidence concerning petitioner’s contentions that her address had changed at the time the Notice of Determination was mailed to her in New Iberia, and that the defendants, the employer and the Department, knew or should have known of such change in address.
The judgment of the district court, however, simply said
IT IS ORDERED, ADJUDGED AND DECREED that there be Judgment herein remanding this matter to the Louisiana Board of Review of the Office of Employment Security for the taking of additional evidence in accordance with La.R.S. 23:1634.
*193 Thereafter, additional evidence was taken not only on the timeliness of claimant’s initial appeal to the Board of Review but on the merits of claimant’s alleged disqualifying misconduct without objection by claimant’s attorney, who participated in the hearing and cross-examined the employer’s witnesses. The transcript of that hearing is the transcript of the only hearing held on claimant’s appeal of the initial determination. That hearing was conducted by the Department’s appeals office in Shreveport on these instructions from the Baton Rouge office:
Please, comply with the attached remand order of the [district judge]. After conducting the hearing return all records and tape for transcription and disposition of the case.
The trial court’s reasons obviously were not sent to Shreveport with the court’s judgment, referred to as “remand order” in the Department communication.
The agency initially disqualified claimant because her signed statement contained the same reasons given by the employer:
I was let go for poor work — passing bad garments as first quality.
The hearing after remand contained detailed and conflicting testimony of claimant, on the one hand, and her supervisor, on the other, why she was discharged. The record supports the conclusion that claimant knew how to properly identify sewn garments of first quality but often deliberately neglected to do so. She had worked for seven months and was warned about her neglect in the last three months of her employment, after having performed satisfactorily for about four months. After this hearing the appeals referee disqualified claimant. The Board of Review said in affirming:
After carefully reviewing the testimony, evidence and records in this case, the Board finds that the claimant was discharged for failure to perform her work properly.
The Board further finds that the claimant was capable of performing her job duties satisfactorily. She had received three suspensions and warnings for failure to perform her work properly. The claimant failed to heed the warnings of her employer and was discharged.
The claimant’s actions show a deliberate disregard of the employer’s interest. Therefore, the Board concludes that the claimant’s actions constitute misconduct within the meaning of the Law.
IT IS THEREFORE ORDERED that the previous decision of the Board of Review, affirming the decision of the Appeals Referee which dismissed the claimant’s appeal because she failed to file an appeal within the time limit required by R.S. 23:1629, is hereby set aside.
IT IS FURTHER ORDERED that the determination of the Agency, assessing a disqualification under R.S. 23:1601(2) effective March 17, 1981, be affirmed.
The trial court reversed, saying that the Board of Review “went beyond the scope of the ... remand and took evidence concerning the dismissal,” and concluding there was not sufficient evidence (without the later hearing) to prove'misconduct on the part of claimant. The trial court’s judgment of June 10, 1986, reversing the Board of Review and ordering the Department to pay unemployment benefits to claimant is the judgment here appealed.
We reverse the trial court and render judgment affirming the Board of Review for these reasons:
(1) The initial determination in 1981 was made on the claimant’s signed statement and the employer’s signed statement that claimant was discharged for “poor work— passing bad garments as first quality.” No appellate hearing was held because the agency deemed claimant’s appeal untimely.
(2) A belated appeal from the initial agency determination required the taking of evidence in a hearing before the appeals referee on the merits of the claim and a record of that evidence in the event further review was initiated. LRS 23:1631. Indeed, the appeal to the courts is not from the initial agency determination, but from the decision of the Board of Review that is *194 made upon the record compiled before an Appeals Referee and upon any additional evidence that the Board of Review may direct to be taken by an appeals referee. §§ 1630-1634.
(3) In effect, the trial court’s ruling in 1983 was for a belated appeal on the merits, not to the trial court, but to an appeals referee. No additional evidence could have been taken by the trial court. § 1634. In such a posture, the claimant was then appealing, for the first time, the initial determination of the agency and the department correctly held a full hearing, perhaps unwittingly, and notwithstanding the trial court’s reasons which attempted to limit the hearing on remand.
(4) The initial determination of the agency on the basis of the non-conflicting statements signed both by claimant and by the employer was not in error. Claimant had the right to appeal and make a full record to contradict her employer and to obtain further review. Claimant’s appeal was belatedly allowed after the remand judgment of the trial court.
(5) The decision of the Board of Review after remand and on the record of the belated appeal of claimant, is supported by sufficient and competent evidence. § 1634; Vancouver Plywood Co., Inc. v. Sumrall, 415 So.2d 625 (La.App.3d Cir.1982). The transcript shows that the claimant, in most instances, agreed with the factual statements of her supervisors.
(6) Without the record that was compiled after remand there is no record for review by the courts and no determination of the Board of Review to appeal to the courts. With the record after remand, we find the decision of the Board of Review correct as a matter of law and supported by sufficient and competent evidence.
Accordingly, the judgment appealed from the district court is REVERSED and judgment is hereby rendered affirming the decision of the Board of Review disqualifying claimant for unemployment compensation benefits at claimant’s cost.
REVERSED AND RENDERED.